PEOPLE, etc., Respondent, v. BENITO VALENZUELLA and RAFAEL VALENZUELLA, Appellants.

No. 6596; October 18, 1880.

**Larceny.—The Crime of Larceny is Complete When** the felonious taking or asportation is consummated.[1]

**Larceny—Venue—County into Which Goods are Taken.—**Section 786 of the Penal Code, authorizing a trial in the county into which the property has been brought, contemplates property "taken by larceny" in another county and a completed offense in that other county.

**Larceny—Venue—County into Which Goods are Taken.—**A fresh larceny cannot be imputed to the thief in every county into which he leads or carries the stolen property, as the effect of the law authorizing his being tried in a county into which he has brought such property.

**Larceny—Accessory After the Fact.—One Who has not Aided** in the theft but, with knowledge of it, accompanies the thief and aids in the care and management of the stolen property, is an accessory after the fact, and should be tried as such and not as a principal.

APPEAL from Superior Court, Ventura County.

---

[1] Cited and approved in People v. Devine, 95 Cal. 230, 30 Pac. 378, in respect of section 485 of the Penal Code, which has reference, as both decisions hold, only to property lost (that is, in the apparent possession of no one) and not found.

J. M. Brooks, district attorney, for respondent; J. G. Howard and Williams & Williams for appellants.

McKINSTRY, J.—The information charged grand larceny, and the jury found the defendants guilty as charged.

The court instructed the jury: "Under our law a larceny is committed in every county into which the thief takes the property." The crime of larceny is complete when the felonious taking or asportation is consummated—that is, when the goods are removed from their place of deposit or the lawful possessor is deprived of their possession. If the party who has been guilty of larceny in one county can, under our statute, be indicted and tried in another county to which he has removed the stolen property, this may be a convenient rule with respect to procedure, but does not continue the defense as a mere attempt into the county to which the property is taken. Certainly one cannot be convicted of larceny before a larceny is committed; and the suggestion, if adopted, that the larceny—although the thief has obtained entire control of the property in one county—is still "in fieri" in the other county to which the property is subsequently taken, would lead to the result that the party who had feloniously taken and carried away personal property could not be tried where every fact constituting the offense occurred, and to the further conclusion that the crime of larceny is not consummated until the thief is arrested or has parted with the stolen property. The section of the Penal Code (786) which authorizes a trial in the county to which the property has been brought authorizes such trial when the property "has been taken by larceny" in another county, and contemplates a completed offense in such other county.

Nor can it be said that the thief has committed a new larceny in every county through which he leads or carries the stolen property. It would hardly be contended that he could be tried in each county as for a different crime.

If the foregoing were the only portion of the instructions given to the jury obnoxious to criticism, it is possible we might hold that, under the circumstances, the error could not have injured the defendants. But a like mistake pervades another portion of the instructions. The court said:

"When one person engages in the perpetration of a larceny, and another aids or assists, or, knowing that the party is secreting or making away with the stolen property, goes with him and aids in its management and care, he is equally guilty with him who steals it." The court did not say that such a person "steals" the property, but that he is "equally guilty" with him who steals it. The instruction assumes the larceny to have been completed, and that the person supposed to be "equally guilty" has had no knowledge of the larceny before or during the time of its commission. The jury was told in effect that if one acquires knowledge that another is secreting or disposing of property already stolen, and then aids in secreting it or in its disposition, he may be convicted of the larceny which preceded his acquaintance with the transaction.

Under our Penal Code (section 971) an accessory before the fact may be indicted, tried and punished as principal; but he must be accessory before the fact. A person in the attitude supposed by the instruction would be guilty as accessory after the fact, and should be tried as such and not as principal. Section 32 of the Penal Code provides: "All persons who, after full knowledge that a felony has been committed, conceal it from the magistrate . . . . are accessories" (after the fact). The charge was erroneous.

Section 485 of the Penal Code was not referred to at the argument, and has no bearing upon the question before us. That section relates in terms to property lost (in the apparent possession of no one) and found.

Judgment and order reversed and cause remanded for a new trial.

.We concur: McKee, J.; Ross, J.